UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBERT SHERMAN NIX, III )
)
v. ) Case No. 1:18-cv-100-PLR-CHS
)
CITY OF CHATTANOOGA COURT, )
CITY ATTORNEY, STATE OF )
TENNESSEE, DEPARTMENT OF )
HOMELAND SECURITY/DMV - )
COMMISSIONER )

## REPORT AND RECOMMENDATION

Plaintiff Robert Sherman Nix, III, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status, and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In

1

determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has submitted an 11 page, typed complaint in which he discusses various concerns about his driver's license. However, the allegations as presented by the Plaintiff are confusing and disjointed. It appears that Plaintiff is alleging that the City of Chattanooga and the "Tennessee DMV" took some action related to Plaintiff's driver's license at some point in 1989, 2009, 2012, and 2014. As a result, Plaintiff contends, he no longer has a driver's license.

Even applying a generous and liberal construction to Plaintiff's complaint, Plaintiff's contentions are so confusing, muddled and incoherent that the Court cannot divine any actionable wrongdoing on the part of the defendants. Plaintiff may be arguing that he no longer has a driver's license because he failed to pay a fine which, he asserts, he did not owe. If so, that would not state a viable claim.

The Court concludes Plaintiff's complaint fails to state a claim for which relief can be granted and **RECOMMENDS**[1] that this action be **DISMISSED** without prejudice and the *in forma pauperis* application be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).